IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FERNANDO SUZARA, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>CROWN CASTLE USA, INC., a Pennsylvania corporation<br><br>*Defendant.* | Case No.: 15-cv-0551 |

# COMPLAINT

Plaintiff Fernando Suzara ("Plaintiff" or "Suzara") brings this Collective and Class Action Complaint and Demand for Jury Trial against Defendant Crown Castle USA, Inc. ("Crown Castle"), and alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. Crown Castle owns and maintains wireless infrastructure throughout the United States including small cell, traditional cell sites, rooftop sites, and distributed antenna systems. Among its thousands of employees, Crown Castle employs Construction Managers throughout the United States to oversee the construction of new cell towers and other infrastructure projects.

2. At all relevant times, Crown Castle uniformly classifies Construction Managers (and various other groups of employees who are similarly positioned with different job titles)[1] as

---

[1] Plaintiff seeks to represent other misclassified Crown Castle employees within Defendant's company who have similar job functions and responsibilities as Construction Managers (e.g. Project Managers), but are labeled by different job titles. As the identity of such

exempt from federal and state overtime provisions and does not pay Construction Managers overtime wages. Notwithstanding Crown Castle's classification, Construction Managers primary duties are non-exempt.

3. Under the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) ("FLSA"), as well as Illinois (Illinois Minimum Wage Law, 820 ILCS 105/4a *et seq.* ("IMWL") and Idaho state law, employees must be paid one and one-half times their regular rate of pay for all hours over forty worked in a week, unless they qualify for a statutory exemption.

4. Through the conduct described in this Class and Collective Action Complaint (the "Complaint"), Crown Castle has violated federal and state law. Accordingly, this lawsuit seeks to recover overtime compensation for Plaintiff Suzara and all other current and former Crown Castle Construction Managers, as well as other employees similarly positioned with different job titles. Plaintiff, on behalf of himself and all others similarly situated, seeks unpaid compensation, liquidated damages, punitive damages, reasonable attorneys' fees and costs, and all other available and appropriate relief to which he and other improperly classified Crown Castle current and former employees are entitled.

## PARTIES

5. Plaintiff Fernando Suzara is a natural person and citizen of the State of Illinois.

6. Defendant Crown Castle USA, Inc. is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business located at 2000 Corporate Drive, Canonsburg, Pennsylvania 15317. Crown Castle conducts business throughout this District, the State of Illinois, and throughout the United States.

---

roles and individuals will be further borne out by discovery, Plaintiff does not specifically reference the titles of each and everyone one of these roles in his Complaint, but reserves the right to include individuals employed in these roles in the Classes when moving for certification, as well as to obtain the information necessary to do so.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1337. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because these claims are so related to the claims in the FLSA action that they form a part of the same case or controversy.

8. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (b)(2) because a substantial part of the acts or omissions giving rise to claims in this Complaint took place in this District and because Plaintiff resides here.

## COMMON FACTUAL ALLEGATIONS

10. Plaintiff, the members of the Illinois Class, Idaho Class, and the FLSA Collective Action (collectively the "Class Members") currently work or formerly worked as Construction Managers (or in other roles similarly positioned with different job titles) for Defendant Crown Castle.

11. Throughout their employment with Crown Castle, Plaintiff and the Class Members consistently worked more than forty hours per workweek and were paid a fixed salary. However, because, Crown Castle classifies Construction Managers as exempt, it has not paid overtime compensation for the hours in excess of forty in a workweek.

12. The primary duties of Construction Managers do not fall under any of the exemptions under federal or state overtime laws. Specifically, a Construction Manager's primary duty is to act as a liaison between independent contractors and Crown Castle's customers, as well as to follow the progress of construction projects through phone calls and on-site visits.

13. Notably, a Crown Castle Construction Manager's primary duties *do not include* the following:

- Performing office or non-manual labor work directly related to the management or general business operations of Crown Castle or its customers;

- Customarily and regularly directing the work of at least two or more full time employees or their equivalent, nor having the authority to hire or fire other employees.

- Exercising discretion and independent judgment with respect to matters of significance. Specifically, Construction Managers do not have authority to formulate, affect, interpret or implement management policies or operating practices, have the authority to commit Crown Castle in matters that have a significant financial impact or authority to waive or deviate from established policies and procedures without prior approval.

- Undertaking managerial responsibilities or exercising independent judgment. Construction Managers do not determine local staffing levels, decide what products and services were to be sold or make any other major strategic or business decisions of any Crown Castle business division.

- Presiding at applicant interviews and having their opinion on hiring given any weight.

14. Crown Castle controlled and directed the performance of Plaintiff's and the Class Members' work. Upon information and belief, the decision to classify Plaintiff and the Class Members as exempt was made centrally, and not on a person-by-person basis.

15. Crown Castle was aware that Plaintiff and the Class Members worked more than forty hours per workweek; yet, it attempted to hide that fact in its own records. Even though they were not being paid hourly or overtime, Plaintiff and the Class Members (as well as numerous other exempt employees at Crown Castle) were required to keep hourly timesheets and submit them on a weekly basis. Most problematic, Plaintiff and the Class Members were *strictly prohibited* from submitting time sheets with more than forty hours recorded, regardless of the actual hours worked. As such, Crown Castle did not keep accurate records of hours worked by

Plaintiff and the Class Members and forced supposedly exempt employees to create a false time record.

16. Likely based upon this knowledge, Defendant has tried to limit its liability stemming from its actions. Specifically, Defendant has been soliciting its employees for agreements that purport to release it from all claims. In exchange for a small amount of money, Defendant seeks to convince its employees to sign agreements that:

> irrevocably and unconditionally **release, waive, and forever discharge** the Company … from any and all claims, demands, actions, causes of action, costs, fees, and all liabilities whatsoever, whether known or unknown, fixed or contingent, which [employees] have, had, or may have against Releases relating to or arising out of [their] employment or separation from employment with the Company, through the data this Severance Agreement is no longer revocable (**"Released Claims"**).

17. Such releases are unenforceable as to claims under the FLSA and other labor laws. And, Defendant knows that the releases are unenforceable. Defendant conceded that "FLSA and [Illinois MWL] claims cannot be released by private agreements as a matter of law."[2]

18. Unfortunately, Defendant likely used such broad language found in these agreements to deceive employees into thinking that such releases *are* valid and that any claims they did have are extinguished. As a result, an unknown number of Defendant's present and ex-employees incorrectly think they cannot bring (undoubtedly valid) claims against Defendant.

19. At all relevant times, Crown Castle maintained control, oversight, and direction over Plaintiff and other Construction Managers, including timekeeping, payroll, and other employment practices that applied to them.

20. Crown Castle employs the same policies, practices, and procedures to all Construction Managers (as well as other employees similarly positioned with different job titles

---

[2] *Wojcik v. Crown Castle USA, Inc.*, No. 15-cv-02612, Dkt. 55 (N.D. Ill. Jan. 11, 2016).

(*e.g.* Project Managers)).

21. Crown Castle's violations were and are willful and intentional. While it knows that Plaintiff and other Construction Managers performed non-exempt tasks as their primary duties and regularly worked more than forty hours per workweek, it classified Construction Managers as exempt and failed to pay them overtime for the hours they worked over forty in a workweek.

### FACTS SPECIFIC TO PLAINTIFF FERNANDO SUZARA

22. Plaintiff Suzara was an employee of Defendant Crown Castle from approximately August of 2012 to December 2015. Specifically, from August 2012 to February 2013 Plaintiff was a temporary Construction Manager. From February 2013 to April 2014 Plaintiff was a full-time Construction Manager in the State of Illinois. From April 2014 to December 2015 Plaintiff was a full-time Construction Manager in the State of Idaho.

23. Plaintiff was a covered employee within the meaning of the FLSA, the IMWL, and Idaho Title 45 during his employment with Defendant Crown Castle.

24. While employed by Defendant as a temporary Construction Manager, Defendant classified Plaintiff as a non-exempt employee and was paid overtime. However, when Plaintiff accepted Defendant's full-time Construction Manager position, Defendant transitioned Plaintiff to a salaried employee and classified him as exempt. As such, after that time, Defendant did not pay Plaintiff any overtime compensation for hours worked beyond forty per workweek.

25. Plaintiff regularly and consistently worked well over forty hours per workweek between February 2013 and December 2015.

26. Defendant regularly required Plaintiff to work on weekends and holidays as a necessary part of completing his work. Likewise, Plaintiff regularly worked outside of normal

business hours (i.e., between 9 a.m. and 5 p.m.) as a necessary part of completing his required work.

27. And, Defendant kept Plaintiff under strict deadlines to complete tasks that necessitated more than forty hours of work per week.

28. For example, Defendant required Plaintiff to visit construction sites within thirty days of receiving notice or risk significant reprimand. At the same time, Defendant expected Plaintiff to attend in-person meetings multiple days per week and to timely respond to emails during the day. As such, to complete all necessary site inspections, Plaintiff was forced to visit job sites on holidays.

29. Additionally, Plaintiff often had to travel long distances to construction sites. For example, Plaintiff regularly drove ten or more hours to construction sites. In doing so, and in order to meet his other in-person obligations, such as to write, read, and respond to emails, Plaintiff had no choice but to drive both during and outside normal work hours.

30. In the same manner as other Construction Managers described herein, Plaintiff did not have any independent discretion and independent judgment with respect to matters of significance, managerial responsibilities, direct reports, or the authority to commit Crown Castle in matters that had (or would have had) a significant financial impact or authority to waive or deviate from established policies and procedures without prior approval.

31. Plaintiff has consented to join this Collective Action and has completed a written consent form, a copy of which is attached as Exhibit A to this Class and Collective Action Complaint.

## COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff brings the First Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b),

on behalf of himself and a proposed collective action (the "FLSA Collective"), defined as follows:

> All persons who work or have worked for Crown Castle as Construction Managers (or in comparable roles with different titles) at any location in the United States, within the time limitation as of the date of filing, who elect to opt-in to this action.

33. All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Crown Castle, and/or Crown Castle has been aware of all of the work that Plaintiff and the FLSA Collective have performed.

34. As part of its regular business practice, Crown Castle has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This pattern, practice, and/or policy includes, but is not limited to:

   a. Willfully failing to pay Plaintiff and the members of the FLSA Collective overtime wages for hours that they worked in excess of 40 hours per workweek;
   b. Willfully misclassifying Plaintiff and the members of the FLSA Collective as exempt from the protections of the FLSA; and
   c. Willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Crown Castle.

35. Crown Castle is aware or should have been aware that federal law required them to pay employees performing non-exempt duties, including Plaintiff and members of the FLSA Collective, an overtime premium for hours worked in excess of forty per workweek.

36. Plaintiff and the FLSA Collective all perform or performed the same primary duty.

37. Crown Castle's unlawful conduct has been widespread, repeated, and consistent.

## CLASS ALLEGATIONS

38. **Class Definitions**: Plaintiff brings this action on behalf of himself and two proposed classes, defined as follows:

> **The Illinois Class**: All persons who are employed or were employed by Crown Castle as Construction Managers (or in comparable roles with different titles) in Illinois within the applicable time limitation as of the date of filing.
>
> **The Idaho Class**: All persons who are employed or were employed by Crown Castle as Construction Managers (or in comparable roles with different titles) in Idaho within the applicable time limitation as of the date of filing.

39. The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

40. **Numerosity**: The exact size of the Classes is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. Ultimately, members of the Classes will be easily identified through Defendant's records.

41. **Commonality and Predominance**: Common questions of law and fact exist as to all members of the Classes, and predominate over any questions affecting only individual members. Those questions with respect to the Classes include, but are not limited to:

As to the Illinois Class:

    a.    Whether Defendant violated the IMWL as alleged herein;

  b. Whether Defendant misclassified Plaintiff and the Class as exempt employees of Defendant pursuant to 820 ILCS 105/3(d) and supporting IDOL regulations;

  c. Whether Defendant violated Illinois law pursuant to 820 ILCS 105/4a by failing and/or refusing to pay Plaintiff and the Illinois Class earned overtime pay for hours worked in excess of forty hours per workweek;

  d. Whether Defendant's policy of failing to pay Plaintiff and the members of the Illinois Class was instituted willfully or in reckless disregard of the law;

  e. Whether Defendant failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Illinois Class, and other records required by the IMWL;

  f. Whether Defendant failed to comply with the posting and notice requirements of the IMWL; and,

  g. The nature and extent of class-wide injury and the measure of damages for those injuries.

As to the Idaho Class:

  a. Whether Defendant violated Idaho Title 45 as alleged herein;

  b. Whether Defendant misclassified Plaintiff and the Class as exempt employees of Defendant pursuant to Idaho Title 45;

  c. Whether Defendant violated Idaho law pursuant to Idaho Title 45 by failing and/or refusing to pay Plaintiff and the Idaho Class earned overtime pay for hours worked in excess of forty hours per workweek;

  d. Whether Defendant's policy of failing to pay Plaintiff and the members of the Idaho Class was instituted willfully or in reckless disregard of the law;

  e. Whether Defendant failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Idaho Class, and other records required by Idaho Title 45;

  f. Whether Defendant failed to comply with the posting and notice requirements of Idaho Title 45; and,

  g. The nature and extent of class-wide injury and the measure of damages for those injuries.

42. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Classes. Plaintiff and the Classes sustained damages as a result of Defendant's uniform wrongful conduct.

43. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff.

44. **Policies Generally Applicable to the Classes**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to each Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes. Defendant's practices challenged herein apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to each of the Classes as a whole, not on facts or law applicable only to Plaintiff.

45. **Superiority**: Class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, as joinder of all members of the Classes is impracticable. The damages suffered by the individual members of the Classes will likely be disproportionate relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Even if members of the Classes could sustain individual litigation, it would not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and

comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act, 29 U.S.C. §§ 201** *et seq.*
**(On Behalf of Plaintiff and the FLSA Collective)**

46. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

47. Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

48. At all times relevant, Plaintiff and the FLSA Collective were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

49. At all times relevant, Plaintiff and the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

50. At all relevant times, Defendant has been, and continues to be, an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

51. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 210 *et seq.*, and supporting federal regulations apply to Defendant and protect Plaintiff and the FLSA Collective.

52. Defendant has failed to pay Plaintiff and the FLSA Collective overtime wages for hours that they worked in excess of forty hours in a workweek and to which they are entitled under the FLSA.

53. Defendant's violations of the FLSA, as described in this Collective Action

Complaint, have been willful and intentional. Defendant failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former employees.

54. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

55. As a result of Defendant's willful violations of the FLSA, Plaintiff and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

56. Based on the foregoing, Defendant's willful conduct in this regard entitles Plaintiff and all other Construction Managers (as well as other employees similarly positioned with different job titles (*e.g.* Project Managers)) who opt-in into this litigation for compensation for all overtime hours worked, liquidated damages, attorneys' fees and court costs pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**Illinois Minimum Wage Law, 820 ILCS 105/4a *et seq*.**
**56 Ill. Admin. Code §210.400 *et seq*.**
**(On Behalf of Plaintiff and the Illinois Class)**

57. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

58. Defendant has engaged in a widespread pattern, policy, and practice of violating the overtime provisions of the IMWL.

59. At all relevant times, Defendant has been, and continues to be, an employer within the meaning of the IMWL. At all relevant times, Defendant employed employees, including Plaintiff and the members of the Illinois Class, within the meaning of the IMWL.

60. Plaintiff and the members of the Illinois Class are covered by the IMWL because

they are or were employed by Defendant. At all relevant times, Defendant improperly classified Plaintiff and members of the Illinois Class as exempt employees not entitled to overtime.

61. The IMWL require employers, such as Defendant, to pay overtime compensation to all non-exempt employees for all hours worked over forty per workweek.

62. As detailed throughout the Complaint, Plaintiff and members of the Illinois Class have been and continue to be non-exempt employees. As such, they are entitled to overtime compensation (*i.e.*, time and one-half their normal pay rate) for all hours worked over forty per workweek.

63. Plaintiff and each member of the Illinois Class have regularly worked more than forty hours per workweek and Defendant has not paid them time and one-half their normal pay rate.

64. Thus, Defendant has failed to pay earned overtime wages to Plaintiff and each member of the Illinois Subclass at the time they became due and payable. Under Illinois law, Plaintiff and each member of the Illinois Class are entitled to unpaid compensation for all hours worked.

65. Defendant also failed to make and keep true and accurate records of the hours worked each day in each workweek by Plaintiff and the Illinois Class as required by the IMWL.

66. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the Illinois Class have been deprived of compensation in amounts to be determined at trial, and are entitled to a recovery of unpaid wages, including interest thereon, costs, liquidated damages, reasonable attorneys' fees, and any other damages as set forth under Illinois law.

**THIRD CAUSE OF ACTION**
Violation of Idaho Title 45
Idaho Code § 45-608
(On Behalf of Plaintiff and the Idaho Class)

67. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

68. Defendant has engaged in a widespread pattern, policy, and practice of violating the overtime provisions of Idaho Title 45.

69. At all relevant times, Defendant has been, and continues to be, an employer within the meaning of Idaho Title 45. At all relevant times, Defendant employed employees, including Plaintiff and the members of the Idaho Class, within the meaning of the Idaho Title 45.

70. Plaintiff and the members of the Idaho Class are covered by Idaho Title 45 because they are or were employed by Defendant. At all relevant times, Defendant improperly classified Plaintiff and members of the Idaho Class as exempt employees not entitled to overtime.

71. Idaho Title 45 requires employers, such as Defendant, to pay overtime compensation to all non-exempt employees for all hours worked over forty per workweek.

72. As detailed throughout the Complaint, Plaintiff and members of the Idaho Class have been and continue to be non-exempt employees. As such, they are entitled to overtime compensation (*i.e.*, time and one-half their normal pay rate) for all hours worked over forty per workweek.

73. Plaintiff and each member of the Idaho Class have regularly worked more than forty hours per workweek and Defendant has not paid them time and one-half their normal pay rate.

74. Thus, Defendant has failed to pay earned overtime wages to Plaintiff and each

member of the Idaho Subclass at the time they became due and payable. Under Idaho law, Plaintiff and each member of the Idaho Class are entitled to unpaid compensation for all hours worked.

75. Defendant also failed to make and keep true and accurate records of the hours worked each day in each workweek by Plaintiff and the Idaho Class as required by Idaho Title 45.

76. By its conduct, Defendant has violated Idaho Title 45 by failing to pay Plaintiff and each member of the Idaho Class overtime compensation.

77. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and members of the Idaho Class have been deprived of compensation in amounts to be determined at trial, and are entitled to a recovery equal to three times the amount of unpaid wages, including interest thereon, costs, liquidated damages, reasonable attorneys' fees, and any other damages as set forth under Idaho law.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Fernando Suzara prays for the following relief:

a. Designation of this action as a collective action pursuant to the Fair Labor Standards Act and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

b. Certification of the state law claims in this action as a class action pursuant to Federal Rule of Civil Procedure 23;

c. Designation of Plaintiff Fernando Suzara as Class and Collective Action Representative;

d. Unpaid overtime wages under the Fair Labor Standards Act, the IMWL, and Idaho Title 45;

e. Liquidated damages under the Fair Labor Standards Act, the IMWL, and Idaho Title 45;

f. Three times the amount of unpaid wages pursuant to Idaho Title 45;

    g.   Punitive damages as appropriate and provided by law;

    h.   Pre-Judgment and Post-Judgment interest, as provided by law;

    i.    Attorneys' fees and costs under the Fair Labor Standards Act, the IMWL, and Idaho Title 45; and,

    j.    Such other relief as the Court may deem just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully Submitted,

**FERNANDO SUZARA,** individually and on behalf of all others similarly situated,

Date: January 14, 2016      By: */s/* Eve-Lynn J. Rapp
                                                   One of Plaintiff's Attorneys

Jay Edelson
jedelson@edelson.com
Benjamin H. Richman
brichman@edelson.com
Eve-Lynn Rapp
erapp@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Nicholas C. Syregelas
nsyregelas@syregelaslaw.com
Kyle R. Kasmarick
kkasmarick@syregelaslaw.com
THE LAW OFFICES OF NICHOLAS C. SYREGELAS
19 North Green Street
Chicago, Illinois 60607
Tel: 312.243.0900
Fax: 312.243.0901