# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| FERNANDO SUZARA, individually and on behalf of all others similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> CROWN CASTLE USA INC., a Pennsylvania corporation, <br><br> *Defendant.* | Case No.: 16-cv-0551 <br><br> Judge Sara L. Ellis |

## JOINT INITIAL CASE STATUS REPORT

Plaintiff Fernando Suzara ("Plaintiff" or "Suzara") and Defendant Crown Castle USA Inc. ("Defendant" or "Crown Castle," and collectively, the "Parties"), by and through their undersigned counsel, hereby submit the instant Joint Initial Case Status Report.

**1.   The Nature of the Case.**

   **A.   Counsel for the Parties.**

**Plaintiff Suzara is represented by:**

Jay Edelson
jedelson@edelson.com
Benjamin H. Richman
brichman@edelson.com
Eve-Lynn Rapp
erapp@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370

Kyle Robert Kasmarick
kkasmarick@syregelaslaw.com
The Law Offices of Nicholas C. Syregelas
19 North Green Street
Chicago, Illinois 60607
Tel: 312.243.0900

**Defendant Crown Castle is represented by:**

Harry J. Secaras harry.secaras@olgetreedeakins.com
Michael D. Ray michael.ray@olgetreedeakins.com
Colleen G. DeRosa colleen.derosa@olgetreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Tel: 312.558.1220

### B. Nature of the Claims Asserted.

In this putative collective and class action, Plaintiff alleges that Defendant Crown Castle—a provider of wireless infrastructure (e.g. cell towers)—uniformly misclassifies its Construction Managers (and various other groups of employees who are similarly positioned with different job titles, such as Project Managers) as exempt from federal and state overtime provisions. As such, in his Complaint, Plaintiff asserts overtime wage claims under (i) the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, on behalf of himself and a Collective Group nationwide, (ii) the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, on behalf of himself and an Illinois Class, and (iii) Idaho Title 45 on behalf of himself and an Idaho Class. At this time, Defendant has not asserted any counterclaims, and denies Plaintiff's claims.

### C. Major Legal and Factual Issues.

**Plaintiff's Statement:** The major legal and factual issues in this case include, *inter alia*: (i) whether Defendant misclassified Plaintiff and members of the putative Collective and Classes and failed to pay them earned overtime wages in violation of the FLSA, IMLW and Idaho Title 45, (ii) whether Defendant's failure to pay Plaintiff and members of the putative Collective and Classes was willfully and recklessly instituted, (iii) whether Defendant failed to make and keep true and accurate records of the hours worked each day by Plaintiff and the members of the Collective and Classes, (iv) whether this case should be certified as a Class and Collective action, and (v) the nature and extent of class-wide injury and the measure of damages for those injuries pursuant to the FLSA, IMLW and Idaho Title 45.

**Defendant's Statement:** The major legal and factual issues in this case include, *inter alia*: (1) whether Plaintiff was properly classified as exempt from overtime pursuant to the FLSA, IMWL, and Idaho Title 45; (ii) whether Plaintiff is an appropriate class representative for the Collective action or any Class; (iii) whether this matter should be certified as a Class or Collective action (iv) if so, which job classifications and employees, if any, should be included in the Collective action and/or Class(es); (v) the specific job duties performed by Plaintiff and those alleged to be in the purported Collective and Classes; (vi) the hours worked by Plaintiff and those alleged to be in the purported Collective and Classes; and (vii) the proper measure of damages, if any, including whether Plaintiff and any Collective or Class(es) he seeks to represent should be limited to "half-time" overtime damages pursuant to *Urnikis-Negro v. American Family Property Services, Inc.*, 616 F.3d 665 (7th Cir. 2010).

### D. Relief Sought By the Parties.

**Plaintiff's Statement:** Plaintiff seeks the following relief: (i) a judgment in the amount of all unpaid overtime wages due for all time which Plaintiff and other similarly-situated employees worked in excess of forty (40) hours per week pursuant to the FLSA, IMWL, and Idaho Title 45; (ii) liquidated damages in the amount equal to the amount of unpaid overtime compensation due pursuant to the FLSA, IMWL, and Idaho Title 45; (iii) three times the amount of unpaid wages pursuant to Idaho Title 45; (iv) prejudgment interest on the overtime wages due in accordance with 815 ILCS § 205/2 and punitive damages pursuant to the formula set out in

820 ILCS § 105/12(a); (v) reasonable attorneys' fees and costs; (vi) designation of this action as a Collective action pursuant to the FLSA and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), (vii) certification of Plaintiff's state law claims pursuant to Fed. R. Civ. P. 23; (viii) designation of Plaintiff as the representative of other similarly situated employees including within the Collective and Classes; and (ix) any such other and further relief as the Court deems appropriate and just.

**Defendant's Statement:** Defendant denies Plaintiff's allegations and denies that Plaintiff is entitled to any relief in this action.

## 2. **Jurisdiction.**

This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1337. This Court has supplemental jurisdiction over Plaintiff's state law claims (the IMWL and Idaho Title 45) pursuant to 28 U.S.C. § 1367 because these claims are so related to the claims in the FLSA action that they form a part of the same case or controversy. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

Although jurisdiction of Plaintiff's state law claims is premised on supplemental jurisdiction, diversity jurisdiction likewise exists because (i) the amount in controversy exceeds $75,000.00, and (ii) Plaintiff is a natural person and citizen of the State of Illinois and Defendant is a citizen of the State of Pennsylvania.

## 3. **Status of Service.**

Plaintiff has served Defendant.

## 4. **Consent to Proceed Before a United States Magistrate Judge.**

The Parties do not consent to proceeding before a Magistrate Judge at this time.

## 5. **Motions.**

On January 15, 2016, Plaintiff filed a motion and memorandum in support of conditional certification of his collective action in order to issue notice and class certification, which the Court subsequently entered and continued. (*See* Dkt. 13.) Defendant anticipates filing an answer to Plaintiff's Complaint by March 14, 2016.

**6.     Case Plan.**

   A.     **Discovery Plan.** The Parties propose the following discovery plan:

   1.     **The Type of Discovery Needed.**

**Plaintiff's Position:** Plaintiff anticipates taking both written and oral discovery on the following non-exhaustive list of topics: (i) the job duties and responsibilities for Construction Managers (and various other groups of employees who are similarly positioned with different job titles, such as Project Managers); (ii) Defendant's employment contracts; (iii) records of hours reported by Construction Managers (and those similarly positioned with different titles); (iv) identification of members of the putative Collective and Classes; (v) documents, evidence, and communications related to Defendant's decision to classify Plaintiff and others similarly situated as exempt employees; (vi) documents, evidence, and communications claiming or alleging that Defendant's misclassified its Construction Managers (and those similarly positioned with different titles); (vii) documents, evidence, and communications evidencing the amount of hours worked by Plaintiff and members of the putative Classes and Collective; (viii) documents, evidence, and communications evidencing the amount of compensation paid to Plaintiff and members of the putative Collective and Classes over the course of their employment; (ix) all information relating to Plaintiff's employment with Crown Castle, including, *inter alia*, his personnel file, time records, work related emails, the projects on which he worked, and GPS data from his vehicle; and (x) communications with and/or relating to Plaintiff.

**Defendant's Position:** Defendant anticipates taking both written and oral discovery on the following list of non-exhaustive topics: (i) Plaintiff's hours worked, job duties, compensation, and suitability as class representative; (ii) whether Plaintiff's claims are typical of any Class he seeks to represent (iii) the proper scope and breadth of the alleged Collective and Classes, if any; and (iv) the actual job duties performed, actual hours worked, and compensation received in each workweek by any other Construction Managers (and any others deemed similarly positioned with different titles, if any) in any alleged Classes and those opting in to the Collective, if any.

   2.     **Rule 26(a)(1) Disclosures.**

The Parties propose that the initial disclosures required by Rule 26(a)(1) be served by April 5, 2016.

### 3. Dates for Commencing and Completing Discovery and Filing Dispositive Motions.

| EVENT | PARTIES' PROPOSED DEADLINES |
|---|---|
| *Date for Rule 26(a)(1) Disclosures* | April 5, 2016 |
| *First Date to Issue Written Discovery* | April 12, 2016 |
| *Deadline to Complete Discovery (Both Class and Merits)* | Eight (8) months following the Rule 16 Conference, or 120 days following the close of the opt-in period, whichever is later (if the Court grants any motion for conditional certification) |
| *Plaintiff's Deadline to File Motion for Certification* | Nine (9) months following the Rule 16 conference, or 150 days following the close of the opt-in period, whichever is later (if the Court grants any motion for conditional certification) |
| *Defendant's Deadline to File Opposition to Motion for Class Certification* | Twenty-eight (28) days following the filing of Plaintiff's motion for class certification |
| *Plaintiff's Deadline to File a Reply in Support of Motion for Class Certification* | Twenty-one (21) days following the filing of opposition to Plaintiff's motion for class certification |
| *Plaintiff's Deadline to Disclose Expert Witnesses Relating to Merits Issues* | Four (4) weeks following the Court's Order on class certification, or four (4) weeks following fact discovery close, whichever is later. |
| *Defendant's Deadline to Disclose Rebuttal Expert Witnesses Relating to Merits Issues* | Eight (8) weeks following the Court's Order on class certification, or eight (8) weeks following fact discovery close, whichever is later. |
| *Deadline to Complete Expert Discovery Relating to Merits Issues* | Six (6) weeks following Defendant's disclosure of rebuttal expert witnesses relating to merits issues. |
| *Deadline to File All Pretrial, Discovery, and Dispositive Motions (including any motion for decertification under the FLSA)* | Ten (10) weeks following the close of expert discovery relating to merits issues |

### 4. Issues Related to Trial.

The Parties request a jury trial of the instant action. At this point, the duration of any trial is unknown, as it will depend in large part on whether the trial involves only the individual claim of Plaintiff, or whether the trial includes an aggregate Class or Collective group.

### 7. **Status of Settlement Discussions.**

While the Parties may enter settlement discussions in the future, no settlement discussions have occurred. The Parties do not request a settlement conference at this time.

Respectfully submitted,

**FERNANDO SUZARA**, individually and on behalf of all others similarly situated,

Dated: March 8, 2016                    By: /s/ Eve-Lynn Rapp
                                                One of Plaintiff's Attorneys

Jay Edelson
jedelson@edelson.com
Benjamin H. Richman
brichman@edelson.com
Eve-Lynn Rapp
erapp@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Kyle Robert Kasmarick
The Law Offices of Nicholas C. Syregelas
19 North Green Street
Chicago, IL 60607
Tel: 312.243.0900
Fax: 312.243.0901
kkasmarick@syregelaslaw.com

**CROWN CASTLE USA INC.**,

Dated: March 8, 2016                    By: /s/ Michael D. Ray
                                                One of Defendant's Attorneys

Harry J. Secaras
harry.secaras@olgetreedeakins.com
Michael D. Ray
michael.ray@olgetreedeakins.com
Colleen G. DeRosa
colleen.derosa@olgetreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Tel: 312.558.1220

## **CERTIFICATE OF SERVICE**

      I, Michael D. Ray, an attorney, certify that on March 8, 2016, I served the above and foregoing by causing true and accurate copies of such paper to be filed and transmitted to the counsel referenced below via the Court's ECF filing system on this the 8th day of March 2016.

                                            /s/ Michael D. Ray

                                                      24097832.1