**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FERNANDO SUZARA, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CROWN CASTLE USA, INC., a Pennsylvania corporation, <br><br> Defendant. | ) <br> ) <br> )   Case No. 1:16-cv-00551 <br> ) <br> )   Honorable Sara L. Ellis <br> ) <br> )   Magistrate Judge Maria Valdez <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT CROWN CASTLE USA INC.'S
ANSWER AND DEFENSES TO THE COMPLAINT**

Defendant CROWN CASTLE USA INC. (incorrectly named in caption as "Crown Castle USA, Inc.) ("Crown Castle"), by and through its undersigned attorneys, hereby submits its Answer and Defenses to the Complaint ("Complaint"), responding as follows:

**NATURE OF THE ACTION**

1. Crown Castle owns and maintains wireless infrastructure throughout the United States including small cell, traditional cell sites, rooftop sites, and distributed antenna systems. Among its thousands of employees, Crown Castle employs Construction Managers throughout the United States to oversee the construction of new cell towers and other infrastructure projects.

**ANSWER:** **Crown Castle admits only that the allegations in ¶1 generally describe some of the services Crown Castle provides and some of the responsibilities of the Construction Managers whom Crown Castle employs throughout the United States. Crown Castle denies the remaining allegations in ¶1.**

2. At all relevant times, Crown Castle uniformly classifies Construction Managers (and various other groups of employees who are similarly positioned with different job titles)[1]

---

[1] Plaintiff seeks to represent other misclassified Crown Castle employees within Defendant's company who have similar job functions and responsibilities as Construction Managers (e.g. Project Managers), but are labeled by different job titles. As the identity of such roles and individuals will be further borne out by discovery, Plaintiff does not specifically reference the titles of each and everyone [sic] one of these roles in his Complaint, but reserves the right to include the individuals employed in these roles in the Classes when moving for certification, as well as to obtain the information necessary to do so.

exempt from federal and state overtime provisions and does not pay Construction Managers overtime wages. Notwithstanding Crown Castle's classification, Construction Managers [sic] primary duties are non-exempt.

**ANSWER:** **Crown Castle admits that at certain times within three years from the date of the filing of the Complaint, it has classified full-time employee Construction Managers as exempt from federal and state overtime provisions and did not pay these Construction Managers overtime wages. Crown Castle denies the existence of "various other groups of employees who are similarly positioned with different job titles," and denies the remaining allegations in ¶2 and footnote 1.**

3. Under the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) ("FLSA"), as well as Illinois (Illinois Minimum Wage Law, 820 ILCS 105/4a *et seq.* ("IMWL") and Idaho state law, employees must be paid one and one-half times their regular rate of pay for all hours over forty worked in a week, unless they qualify for a statutory exemption.

**ANSWER:** **Crown Castle admits the FLSA, the IMWL, and Idaho law require overtime premiums to non-exempt employees for any hours worked over 40 in a workweek, but denies Plaintiff is entitled to any relief, denies the substance and content of Plaintiff's claims, and denies the remaining allegations in ¶3.**

4. Through the conduct described in this Class and Collective Action Complaint (the "Complaint"), Crown Castle has violated federal and state law. Accordingly, this lawsuit seeks to recover overtime compensation for Plaintiff Suzara and all other current and former Crown Castle Construction Managers, as well as other employees similarly positioned with different job titles. Plaintiff, on behalf of himself and all others similarly situated, seeks unpaid compensation, liquidated damages, punitive damages, reasonable attorneys' fees and costs, and all other available and appropriate relief to which he and other improperly classified Crown Castle current and former employees are entitled.

**ANSWER:** **Crown Castle admits only that Plaintiff seeks to recover the relief set forth in ¶4, and seeks to represent a purported class of "all other current and former Crown Castle Construction Managers, as well as other employees similarly positioned with different job**

titles," but denies the substance and content of Plaintiff's claims, denies this matter should proceed as a class or collective action, and denies Plaintiff can represent a purported class of "current and former Crown Castle Construction Managers, as well as other employees similarly positioned with different job titles." Crown Castle denies the remaining allegations in ¶4.

5. Plaintiff Fernando Suzara is a natural person and citizen of the State of Illinois.

**ANSWER: Crown Castle admits that Plaintiff is a person but lacks information or knowledge sufficient to form a belief as to the truth of the allegation that Plaintiff is a citizen of Illinois, and therefore denies it. Answering further, Crown Castle does not know what is meant by the term "natural" and therefore denies any allegation dependent on that term.**

6. Defendant Crown Castle USA, Inc. is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business located at 2000 Corporate Drive, Canonsburg, Pennsylvania 15317. Crown Castle conducts business throughout this District, the State of Illinois, and throughout the United States.

**ANSWER: Crown Castle admits it is a Pennsylvania corporation registered under the laws of the Commonwealth of Pennsylvania and admits the remaining allegations of ¶6.**

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1337. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because these claims are so related to the claims in the FLSA action that they form a part of the same case or controversy.

**ANSWER: Crown Castle admits the allegations in ¶7.**

8. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

**ANSWER: Crown Castle admits the allegations in ¶8.**

9.    Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (b)(2) because a substantial part of the acts or omissions giving rise to claims in this Complaint took place in this District and because Plaintiff resides here.

**ANSWER:    Crown Castle admits that venue is proper in this judicial district.  Answering further, Crown Castle conducts business in this judicial district and employed Plaintiff in this judicial district from January 22, 2013 to March 23, 2014.  Crown Castle lacks knowledge and information sufficient to form a belief as to the truth of the allegations that Plaintiff currently resides in this judicial district, and therefore denies it.  Crown Castle denies the remaining allegations in ¶9.**

## COMMON FACTUAL ALLEGATIONS

10.    Plaintiff, the members of the Illinois Class, Idaho Class, and the FLSA Collective Action (collectively the "Class Members") currently work or formerly worked as Construction Managers (or in other roles similarly positioned with different job titles) for Defendant Crown Castle.

**ANSWER:    Crown Castle admits that it employed Plaintiff as a Construction Manager from January 22, 2013 to December 1, 2015.  Crown Castle denies that any collective or class is appropriate, and denies the remaining allegations in ¶10.**

11.    Throughout their employment with Crown Castle, Plaintiff and the Class Members consistently worked more than forty hours per workweek and were paid a fixed salary. However, because, Crown Castle classifies Construction Managers as exempt, it has not paid overtime compensation for the hours in excess of forty in a workweek.

**ANSWER:    Crown Castle admits that Plaintiff at times may have worked more than forty hours in a workweek, that it paid him a fixed salary, classified him as an exempt employee, and did not pay him overtime.  Crown Castle denies that any collective or class is appropriate, and denies the remaining allegations in ¶11.**

12.    The primary duties of Construction Managers do not fall under any of the exemptions under federal or state overtime laws. Specifically, a Construction Manager's primary duty is to act as a liaison between independent contractors and Crown Castle's customers, as well as to follow the progress of construction projects through phone calls and on-site visits.

**ANSWER:** **Crown Castle denies the allegations in ¶12.**

13. Notably, a Crown Castle Construction Manager's primary duties *do not include* the following:

- Performing office or non-manual labor work directly related to the management or general business operations of Crown Castle or its customers;

- Customarily and regularly directing the work of at least two or more full time employees or their equivalent, nor having the authority to hire or fire other employees.

- Exercising discretion and independent judgment with respect to matters of significance. Specifically, Construction Managers do not have authority to formulate, affect, interpret or implement management policies or operating practices, have the authority to commit Crown Castle in matters that have a significant financial impact or authority to waive or deviate from established policies and procedures without prior approval.

- Undertaking managerial responsibilities or exercising independent judgment. Construction Managers do not determine local staffing levels, decide what products and services were to be sold or make any other major strategic or business decisions of any Crown Castle business division.

- Presiding at applicant interviews and having their opinion on hiring given any weight.

**ANSWER:** **Crown Castle admits that Construction Managers generally do not direct the work of two or more employees or their equivalent, and do not hire or fire employees. Crown Castle denies the remaining allegations in ¶13, including those allegations in all subparagraphs.**

14. Crown Castle controlled and directed the performance of Plaintiff's and the Class Members' work. Upon information and belief, the decision to classify Plaintiff and the Class Members as exempt was made centrally, and not on a person-by-person basis.

**ANSWER:** **Crown Castle admits it controlled and directed Plaintiff's job duties during his employment with Crown Castle from January 22, 2013 to December 1, 2015. Crown Castle further admits that decisions for the classification of the Construction Manager**

position were made at a central level. **Crown Castle denies that any collective or class is appropriate, and denies the remaining allegations in ¶14.**

15.     Crown Castle was aware that Plaintiff and the Class Members worked more than forty hours per workweek; yet, it attempted to hide that fact in its own records. Even though they were not being paid hourly or overtime, Plaintiff and the Class Members (as well as numerous other exempt employees at Crown Castle) were required to keep hourly timesheets and submit them on a weekly basis. Most problematic, Plaintiff and the Class Members were *strictly prohibited* from submitting time sheets with more than forty hours recorded, regardless of the actual hours worked. As such, Crown Castle did not keep accurate records of hours worked by Plaintiff and the Class Members and forced supposedly exempt employees to create a false time record.

**ANSWER:     Crown Castle admits that it was aware that, at times, Plaintiff and other Construction Managers may have exceeded more than 40 hours of work in certain work weeks, but denies the remaining allegations and characterizations in ¶15.**

16.     Likely based upon this knowledge, Defendant has tried to limit its liability stemming from its actions. Specifically, Defendant has been soliciting its employees for agreements that purport to release it from all claims. In exchange for a small amount of money, Defendant seeks to convince its employees to sign agreements that:

> irrevocably and unconditionally **release, waive, and forever discharge** the Company ... from any and all claims, demands, actions, causes of action, costs, fees, and all liabilities whatsoever, whether known or unknown, fixed or contingent, which [employees] have, had, or may have against Releases relating to or arising out of [their] employment or separation from employment with the Company, through the data this Severance Agreement is no longer revocable (**"Released Claims"**).

**ANSWER:     Crown Castle admits only that the quoted paragraph contains a paragraph from a severance agreement provided to Plaintiff following the termination of his employment, but denies the allegations and characterizations in ¶ 16.**

17.     Such releases are unenforceable as to claims under the FLSA and other labor laws. And, Defendant knows that the releases are unenforceable. Defendant conceded that "FLSA and [Illinois MWL] claims cannot be released by private agreements as a matter of law."[2]

**ANSWER:     Crown Castle admits that courts in this jurisdiction have held that FLSA and IWML claims cannot be released by private agreements and that Crown Castle relied on**

---

[2] *Wojcik v. Crown Castle USA, Inc.*, No. 15-cv-02612, Dkt. 55 (N.D. Ill. Jan. 11, 2016).

this case law in a prior pleading in the Northern District of Illinois.  Crown Castle denies the remaining allegations in ¶17.

18.     Unfortunately, Defendant likely used such broad language found in these agreements to deceive employees into thinking that such releases *are* valid and that any claims they did have are extinguished. As a result, an unknown number of Defendant's present and ex-employees incorrectly think they cannot bring (undoubtedly valid) claims against Defendant.

**ANSWER:**     **Crown Castle denies the allegations in ¶18.**

19.     At all relevant times, Crown Castle maintained control, oversight, and direction over Plaintiff and other Construction Managers, including timekeeping, payroll, and other employment practices that applied to them.

**ANSWER:**     **Crown Castle admits it controlled and directed Plaintiff's job duties during his employment with Crown Castle from January 22, 2013 to December 1, 2015.  Crown Castle denies that any class is appropriate, and denies the remaining allegations in ¶19.**

20.     Crown Castle employs the same policies, practices, and procedures to all Construction Managers (as well as other employees similarly positioned with different job titles (*e.g.* Project Managers)).

**ANSWER:**     **Crown Castle admits that some of its policies, practices, and procedures apply to all Construction Managers and other employees, but denies the remaining allegations in ¶20.**

21.     Crown Castle's violations were and are willful and intentional. While it knows that Plaintiff and other Construction Managers performed non-exempt tasks as their primary duties and regularly worked more than forty hours per workweek, it classified Construction Managers as exempt and failed to pay them overtime for the hours they worked over forty in a workweek.

**ANSWER:**     **Crown Castle denies the allegations in ¶21.**

### FACTS SPECIFIC TO PLAINTIFF FERNANDO SUZARA

22.     Plaintiff Suzara was an employee of Defendant Crown Castle from approximately August of 2012 to December 2015. Specifically, from August 2012 to February 2013 Plaintiff was a temporary Construction Manager. From February 2013 to April 2014 Plaintiff was a full-time Construction Manager in the State of Illinois. From April 2014 to December 2015 Plaintiff was a full-time Construction Manager in the State of Idaho.

**ANSWER:** **Crown Castle denies that it employed Plaintiff beginning in August of 2012. Crown Castle admits that a temporary staffing agency assigned Plaintiff to work at Crown Castle as a temporary contractor between August 2012 and January 22, 2013. Crown Castle hired Plaintiff as a full time Construction Manager effective January 22, 2013. Crown Castle admits that it employed Plaintiff as a Construction Manager in Illinois from January 22, 2013 to March 23, 2014, and in Idaho from March 24, 2014 to December 1, 2015. Crown Castle denies the remaining allegations in ¶22.**

23.    Plaintiff was a covered employee within the meaning of the FLSA, the IMWL, and Idaho Title 45 during his employment with Defendant Crown Castle.

**ANSWER:** **The allegations in ¶23 are legal conclusions to which no responsive pleading is required. To the extent a response is required, Crown Castle admits Plaintiff was an exempt employee under the FLSA from January 22, 2013 to December 1, 2015, under the IMWL from January 22, 2013 to March 23, 2014, and under Idaho Title 45 from March 24, 2014 to December 1, 2015. Crown Castle denies the remaining allegations in ¶23.**

24.    While employed by Defendant as a temporary Construction Manager, Defendant classified Plaintiff as a non-exempt employee and was paid overtime. However, when Plaintiff accepted Defendant's full-time Construction Manager position, Defendant transitioned Plaintiff to a salaried employee and classified him as exempt. As such, after that time, Defendant did not pay Plaintiff any overtime compensation for hours worked beyond forty per workweek.

**ANSWER:** **Crown Castle denies that it employed Plaintiff as a Construction Manager prior to January 22, 2013. Crown Castle admits that a temporary staffing agency assigned Plaintiff to work at Crown Castle as a temporary contractor between August 2012 and January 22, 2013. Crown Castle lacks knowledge or information sufficient to form a belief as to the truth of how Plaintiff was classified by the staffing agency during his employment by the staffing agency or how the staffing agency compensated him and, therefore, denies those allegations. Crown Castle admits that it employed Plaintiff as an exempt employee in**

the Construction Manager position and did not pay him overtime from January 22, 2013 to December 1, 2015. Crown Castle denies the remaining allegations in ¶24.

25.     Plaintiff regularly and consistently worked well over forty hours per workweek between February 2013 and December 2015.

**ANSWER:     Crown Castle denies the allegations in ¶25.**

26.     Defendant regularly required Plaintiff to work on weekends and holidays as a necessary part of completing his work. Likewise, Plaintiff regularly worked outside of normal business hours (i.e., between 9 a.m. and 5 p.m.) as a necessary part of completing his required work.

**ANSWER:     Crown Castle denies the allegations in ¶26.**

27.     And, Defendant kept Plaintiff under strict deadlines to complete tasks that necessitated more than forty hours of work per week.

**ANSWER:     Crown Castle admits that it expected Plaintiff to meet reasonable deadlines for assigned tasks, but denies the remaining allegations in ¶27.**

28.     For example, Defendant required Plaintiff to visit construction sites within thirty days of receiving notice or risk significant reprimand. At the same time, Defendant expected Plaintiff to attend in-person meetings multiple days per week and to timely respond to emails during the day. As such, to complete all necessary site inspections, Plaintiff was forced to visit job sites on holidays.

**ANSWER:     Crown Castle admits that part of Plaintiff's job duties included making regular visits to construction sites, and that Plaintiff was expected to attend regularly scheduled meetings and respond to emails on a timely basis. Crown Castle further admits that Plaintiff, like all other employees, was subject to reprimand for failing to perform his job. Crown Castle denies the remaining allegations in ¶28.**

29.     Additionally, Plaintiff often had to travel long distances to construction sites. For example, Plaintiff regularly drove ten or more hours to construction sites. In doing so, and in order to meet his other in-person obligations, such as to write, read, and respond to emails, Plaintiff had no choice but to drive both during and outside normal work hours.

**ANSWER:** **Crown Castle admits that Plaintiff's territory covered a large geographic area and that Plaintiff was required to visit jobsites as needed within his territory that required him to drive long distances, but denies the remaining allegations in ¶29.**

30. In the same manner as other Construction Managers described herein, Plaintiff did not have any independent discretion and independent judgment with respect to matters of significance, managerial responsibilities, direct reports, or the authority to commit Crown Castle in matters that had (or would have had) a significant financial impact or authority to waive or deviate from established policies and procedures without prior approval.

**ANSWER:** **Crown Castle admits that Plaintiff did not have any direct reports, but denies the remaining allegations in ¶30.**

31. Plaintiff has consented to join this Collective Action and has completed a written consent form, a copy of which is attached as Exhibit A to this Class and Collective Action Complaint.

**ANSWER:** **Crown Castle admits that Exhibit A to the Complaint appears to be a signed consent form from Plaintiff. Crown Castle denies that this matter should proceed as a Collective Action.**

## COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff brings the First Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of himself and a proposed collective action (the "FLSA Collective"), defined as follows:

> All persons who work or have worked for Crown Castle as Construction Managers (or in comparable roles with different titles) at any location in the United States, within the time limitation as of the date of filing, who elect to opt-in to this action.

**ANSWER:** **Crown Castle admits Plaintiff seeks to bring a collective action under the FLSA on behalf of himself and the FLSA Collective defined in ¶32, but denies Plaintiff is entitled to any relief, denies the substance and content of Plaintiff's claims, denies the existence of the FLSA Collective defined in ¶32, and denies the remaining allegations in ¶32.**

10

33.     All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Crown Castle, and/or Crown Castle has been aware of all of the work that Plaintiff and the FLSA Collective have performed.

**ANSWER:** **Crown Castle admits it assigned Plaintiff certain job duties during his employment with Crown Castle from January 22, 2013 to December 1, 2015 but denies the existence of the FLSA Collective, and denies the remaining allegations in ¶33.**

34.     As part of its regular business practice, Crown Castle has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This pattern, practice, and/or policy includes, but is not limited to:

    a.    Willfully failing to pay Plaintiff and the members of the FLSA Collective overtime wages for hours that they worked in excess of 40 hours per workweek;

    b.    Willfully misclassifying Plaintiff and the members of the FLSA Collective as exempt from the protections of the FLSA; and

    c.    Willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Crown Castle.

**ANSWER:** **Crown Castle denies the allegations in ¶34 including those allegations contained in subparagraphs (a) – (c).**

35.     Crown Castle is aware or should have been aware that federal law required them to pay employees performing non-exempt duties, including Plaintiff and members of the FLSA Collective, an overtime premium for hours worked in excess of forty per workweek.

**ANSWER:** **Crown Castle admits it is aware that federal law requires it to pay non-exempt employees an overtime premium for hours worked in excess of 40 in a workweek, but denies Plaintiff and any purported members of the FLSA Collective were non-exempt, denies the existence of the FLSA Collective,  and denies the remaining allegations in ¶35.**

36.     Plaintiff and the FLSA Collective all perform or performed the same primary duty.

**ANSWER:** **Crown Castle denies the allegations in ¶36.**

37.      Crown Castle's unlawful conduct has been widespread, repeated, and consistent.

**ANSWER:**     Crown Castle denies the allegations in ¶37.

## CLASS ALLEGATIONS

38.     **Class Definitions**: Plaintiff brings this action on behalf of himself and two proposed classes, defined as follows:

> **The Illinois Class**: All persons who are employed or were employed by Crown Castle as Construction Managers (or in comparable roles with different titles) in Illinois within the applicable time limitation as of the date of filing.

> **The Idaho Class**: All persons who are employed or were employed by Crown Castle as Construction Managers (or in comparable roles with different titles) in Idaho within the applicable time limitation as of the date of filing.

**ANSWER:**     **Crown Castle admits Plaintiff seeks to bring a class action under the Fed. R. Civ. P. 23 "on behalf of himself and two proposed classes" defined in ¶38, but denies Plaintiff has set forth an appropriate class, denies Plaintiff is entitled to any relief, denies the substance and content of Plaintiff's claims, and denies the remaining allegations in ¶38.**

39.     The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

**ANSWER:**     **Crown Castle admits Plaintiff seeks to bring a class action under the Fed. R. Civ. P. 23 excluding the people identified in ¶39, but denies Plaintiff has set forth an appropriate class, denies Plaintiff is entitled to any relief, denies the substance and content of Plaintiff's claims, and denies the remaining allegations in ¶39.**

40.     **Numerosity**: The exact size of the Classes is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. Ultimately, members of the Classes will be easily identified through Defendant's records.

**ANSWER:**     **Crown Castle denies the allegations in ¶40.**

41. **Commonality and Predominance**: Common questions of law and fact exist as to all members of the Classes, and predominate over any questions affecting only individual members. Those questions with respect to the Classes include, but are not limited to:

As to the Illinois Class:

a. Whether Defendant violated the IMWL as alleged herein;

b. Whether Defendant misclassified Plaintiff and the Class as exempt employees of Defendant pursuant to 820 ILCS 105/3(d) and supporting IDOL regulations;

c. Whether Defendant violated Illinois law pursuant to 820 ILCS 105/4a by failing and/or refusing to pay Plaintiff and the Illinois Class earned overtime pay for hours worked in excess of forty hours per workweek;

d. Whether Defendant's policy of failing to pay Plaintiff and the members of the Illinois Class was instituted willfully or in reckless disregard of the law;

e. Whether Defendant failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Illinois Class, and other records required by the IMWL;

f. Whether Defendant failed to comply with the posting and notice requirements of the IMWL; and,

g. The nature and extent of class-wide injury and the measure of damages for those injuries.

As to the Idaho Class:

a. Whether Defendant violated Idaho Title 45 as alleged herein;

b. Whether Defendant misclassified Plaintiff and the Class as exempt employees of Defendant pursuant to Idaho Title 45;

c. Whether Defendant violated Idaho law pursuant to Idaho Title 45 by failing and/or refusing to pay Plaintiff and the Idaho Class earned overtime pay for hours worked in excess of forty hours per workweek;

d. Whether Defendant's policy of failing to pay Plaintiff and the members of the Idaho Class was instituted willfully or in reckless disregard of the law;

e. Whether Defendant failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Idaho Class, and other records required by Idaho Title 45;

f. Whether Defendant failed to comply with the posting and notice requirements of Idaho Title 45; and,

g. The nature and extent of class-wide injury and the measure of damages for those injuries.

**ANSWER:** **Crown Castle denies the allegations in ¶41 as to the purported "Illinois Class" and the purported "Idaho Class," denies the existence of any such classes, and denies the remaining allegations in ¶41, including those allegations contained in all subparagraphs.**

42. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Classes. Plaintiff and the Classes sustained damages as a result of Defendant's uniform wrongful conduct.

**ANSWER:** **Crown Castle denies the allegations in ¶42.**

43. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff.

**ANSWER:** **Crown Castle denies the allegations in ¶43.**

44. **Policies Generally Applicable to the Classes**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to each Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes. Defendant's practices challenged herein apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to each of the Classes as a whole, not on facts or law applicable only to Plaintiff.

**ANSWER:** **Crown Castle denies the allegations in ¶44.**

45. **Superiority**: Class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, as joinder of all members of the Classes is impracticable. The damages suffered by the individual members of the Classes will likely be disproportionate relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Even if members of the Classes could sustain individual litigation, it would not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**ANSWER:** **Crown Castle denies the allegations in ¶45.**

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act, 29 U.S.C. §§ 201** *et seq.*
**(On Behalf of Plaintiff and the FLSA Collective)**

46.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

**ANSWER:     Crown Castle re-alleges and incorporates by reference its answers to paragraphs 1 to 45 as if fully set forth herein.**

47.     Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

**ANSWER:     Crown Castle denies the allegations in ¶47.**

48.     At all times relevant, Plaintiff and the FLSA Collective were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

**ANSWER:     Crown Castle admits Plaintiff was subject to Sections 206(a) and 207(a) of the FLSA during his employment with Crown Castle from January 22, 2013 to December 1, 2015.     Crown Castle denies the existence of the FLSA Collective, and denies the remaining allegations in ¶48.**

49.     At all times relevant, Plaintiff and the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

**ANSWER:     Crown Castle admits Plaintiff was an employee under Sections 203(e) and 207(a) during his employment with Crown Castle from January 22, 2013 to December 1, 2015.     Crown Castle denies the existence of the FLSA Collective, and denies the remaining allegations in ¶49.**

50.     At all relevant times, Defendant has been, and continues to be, an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

**ANSWER:     Crown Castle admits the allegations in ¶50.**

51.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 210 *et seq.*, and supporting federal regulations apply to Defendant and protect Plaintiff and the FLSA Collective.

**ANSWER:     Crown Castle admits it is subject to the FLSA.  Crown Castle further admits that the Department of Labor has issued regulations pertaining to the FLSA which courts may look to, but are not independently governing on the courts.  Crown Castle denies the existence of the FLSA Collective, and denies the remaining allegations in ¶51.**

52.     Defendant has failed to pay Plaintiff and the FLSA Collective overtime wages for hours that they worked in excess of forty hours in a workweek and to which they are entitled under the FLSA.

**ANSWER:     Crown Castle admits that it did not pay Plaintiff overtime wages during his employment with Crown Castle, but denies that Plaintiff was entitled to any such overtime wages under the law.  Crown Castle denies the remaining allegations in ¶52.**

53.     Defendant's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional. Defendant failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former employees.

**ANSWER:     Crown Castle denies the allegations in ¶53.**

54.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**ANSWER:     Crown Castle denies the allegations in ¶54.**

55.     As a result of Defendant's willful violations of the FLSA, Plaintiff and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

**ANSWER:     Crown Castle denies the allegations in ¶55.**

56.     Based on the foregoing, Defendant's willful conduct in this regard entitles Plaintiff and all other Construction Managers (as well as other employees similarly positioned with different job titles (*e.g.* Project Managers)) who opt-in into this litigation for compensation for all overtime hours worked, liquidated damages, attorneys' fees and court costs pursuant to 29 U.S.C. § 216(b).

**ANSWER:** **Crown Castle denies the allegations in ¶56 and denies that Plaintiff's requested relief, or any other relief to Plaintiff or all other Construction Managers or employees "similarly positioned with different job titles (*e.g.* Project Managers)" is warranted or appropriate in this matter.**

### SECOND CAUSE OF ACTION
**Illinois Minimum Wage Law, 820 ILCS 105/4a *et seq.*
56 Ill. Admin. Code §210.400 *et seq.*
(On Behalf of Plaintiff and the Illinois Class)**

57.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

**ANSWER:** **Crown Castle re-alleges and incorporates by reference its answers to paragraphs 1 to 56 as if fully set forth herein.**

58.     Defendant has engaged in a widespread pattern, policy, and practice of violating the overtime provisions of the IMWL.

**ANSWER:** **Crown Castle denies the allegations in ¶58.**

59.     At all relevant times, Defendant has been, and continues to be, an employer within the meaning of the IMWL. At all relevant times, Defendant employed employees, including Plaintiff and the members of the Illinois Class, within the meaning of the IMWL.

**ANSWER:** **Crown Castle admits that is an employer under the IMWL and that Plaintiff was an employee under the IMWL during his employment with Crown Castle in Illinois from January 22, 2013 to March 23, 2014. Crown Castle denies the remaining allegations in ¶59.**

60.     Plaintiff and the members of the Illinois Class are covered by the IMWL because they are or were employed by Defendant. At all relevant times, Defendant improperly classified Plaintiff and members of the Illinois Class as exempt employees not entitled to overtime.

**ANSWER:** **Crown Castle admits that Plaintiff was covered by the IMWL during his employment with Crown Castle in Illinois from January 22, 2013 to March 23, 2014.**

**Crown Castle denies the existence of the Illinois Class, and denies the remaining allegations in ¶60.**

61.     The IMWL require employers, such as Defendant, to pay overtime compensation to all non-exempt employees for all hours worked over forty per workweek.

**ANSWER:     Crown Castle admits that the IMWL requires it to pay an overtime premium to non-exempt employees for all hours worked over 40 in a workweek.**

62.     As detailed throughout the Complaint, Plaintiff and members of the Illinois Class have been and continue to be non-exempt employees. As such, they are entitled to overtime compensation (*i.e.*, time and one-half their normal pay rate) for all hours worked over forty per workweek.

**ANSWER:     Crown Castle denies the allegations in ¶62.**

63.     Plaintiff and each member of the Illinois Class have regularly worked more than forty hours per workweek and Defendant has not paid them time and one-half their normal pay rate.

**ANSWER:     Crown Castle admits that Plaintiff at times may have worked more than 40 hours in a workweek and that Crown Castle did not pay Plaintiff overtime because he was an exempt employee.  Crown Castle denies the existence of the Illinois Class, and denies the remaining allegations in ¶63.**

64.     Thus, Defendant has failed to pay earned overtime wages to Plaintiff and each member of the Illinois Subclass at the time they became due and payable. Under Illinois law, Plaintiff and each member of the Illinois Class are entitled to unpaid compensation for all hours worked.

**ANSWER:     Crown Castle denies the allegations in ¶64.**

65.     Defendant also failed to make and keep true and accurate records of the hours worked each day in each workweek by Plaintiff and the Illinois Class as required by the IMWL.

**ANSWER:     Crown Castle denies the allegations in ¶65.**

66.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the Illinois Class have been deprived of compensation in amounts to be determined at trial, and are entitled to a recovery of unpaid wages, including interest thereon, costs, liquidated damages, reasonable attorneys' fees, and any other damages as set forth under Illinois law.

**ANSWER:** **Crown Castle denies the allegations in ¶66, denies the existence of the Illinois Class, and denies that Plaintiff's requested relief, or any other relief to Plaintiff or the purported "Illinois Class" is warranted or appropriate in this matter.**

### THIRD CAUSE OF ACTION
**Violation of Idaho Title 45**
**Idaho Code § 45-608**
**(On Behalf of Plaintiff and the Idaho Class)**

67.    Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

**ANSWER:** **Crown Castle re-alleges and incorporates by reference its answers to paragraphs 1 to 66 as if fully set forth herein.**

68.    Defendant has engaged in a widespread pattern, policy, and practice of violating the overtime provisions of Idaho Title 45.

**ANSWER:** **Crown Castle denies the allegations in ¶68.**

69.    At all relevant times, Defendant has been, and continues to be, an employer within the meaning of Idaho Title 45. At all relevant times, Defendant employed employees, including Plaintiff and the members of the Idaho Class, within the meaning of the Idaho Title 45.

**ANSWER:** **Crown Castle admits that is an employer under Idaho Title 45 and that Plaintiff was an employee under Idaho Title 45 during his employment with Crown Castle in Idaho from March 24, 2014 to December 1, 2015. Crown Castle denies the remaining allegations in ¶69.**

70.    Plaintiff and the members of the Idaho Class are covered by Idaho Title 45 because they are or were employed by Defendant. At all relevant times, Defendant improperly classified Plaintiff and members of the Idaho Class as exempt employees not entitled to overtime.

**ANSWER:** **Crown Castle admits that Plaintiff was covered by Idaho Title 45 during his employment with Crown Castle in Idaho from March 24, 2014 to December 1, 2015. Crown Castle denies the existence of the Idaho Class, and denies the remaining allegations in ¶70.**

71.     Idaho Title 45 requires employers, such as Defendant, to pay overtime compensation to all non-exempt employees for all hours worked over forty per workweek.

**ANSWER:     Crown Castle admits the allegations in ¶71.**

72.     As detailed throughout the Complaint, Plaintiff and members of the Idaho Class have been and continue to be non-exempt employees. As such, they are entitled to overtime compensation (*i.e.*, time and one-half their normal pay rate) for all hours worked over forty per workweek.

**ANSWER:     Crown Castle denies the allegations in ¶72.**

73.     Plaintiff and each member of the Idaho Class have regularly worked more than forty hours per workweek and Defendant has not paid them time and one-half their normal pay rate.

**ANSWER:     Crown Castle admits that Plaintiff at times may have worked more than 40 hours in a workweek and that Crown Castle did not pay Plaintiff overtime because he was an exempt employee.  Crown Castle denies the existence of the Idaho Class, and denies the remaining allegations in ¶73.**

74.     Thus, Defendant has failed to pay earned overtime wages to Plaintiff and each member of the Idaho Subclass at the time they became due and payable. Under Idaho law, Plaintiff and each member of the Idaho Class are entitled to unpaid compensation for all hours worked.

**ANSWER:     Crown Castle denies the allegations in ¶74.**

75.     Defendant also failed to make and keep true and accurate records of the hours worked each day in each workweek by Plaintiff and the Idaho Class as required by Idaho Title 45.

**ANSWER:     Crown Castle denies the allegations in ¶75.**

76.     By its conduct, Defendant has violated Idaho Title 45 by failing to pay Plaintiff and each member of the Idaho Class overtime compensation.

**ANSWER:     Crown Castle denies the allegations in ¶76.**

77.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and members of the Idaho Class have been deprived of compensation in amounts to be determined at trial, and are entitled to a recovery equal to three times the amount of unpaid wages, including interest thereon, costs, liquidated damages, reasonable attorneys' fees, and any other damages as set forth under Idaho law.

**ANSWER:** **Crown Castle denies the allegations in ¶77, denies the existence of the "Idaho Class," and denies Plaintiff's requested relief, or any other relief to Plaintiff or the purported "Idaho Class" is warranted or appropriate in this matter.**

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Fernando Suzara prays for the following relief:

    a.    Designation of this action as a collective action pursuant to the Fair Labor Standards Act and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

    b.    Certification of the state law claims in this action as a class action pursuant to Federal Rule of Civil Procedure 23;

    c.    Designation of Plaintiff Fernando Suzara as Class and Collective Action Representative;

    d.    Unpaid overtime wages under the Fair Labor Standards Act, the IMWL, and Idaho Title 45;

    e.    Liquidated damages under the Fair Labor Standards Act, the IMWL, and Idaho Title 45;

    f.    Three times the amount of unpaid wages pursuant to Idaho Title 45;

    g.    Punitive damages as appropriate and provided by law;

    h.    Pre-Judgment and Post-Judgment interest, as provided by law;

    i.    Attorneys' fees and costs under the Fair Labor Standards Act, the IMWL, and Idaho Title 45; and,

    j.    Such other relief as the Court may deem just and proper.

**ANSWER:** **Crown Castle denies the allegations in Plaintiff's "Demand for Relief," and denies Plaintiff's requested relief, or any other relief to Plaintiff, is warranted or appropriate in this matter.**

## CROWN CASTLE'S AFFIRMATIVE AND OTHER DEFENSES

Crown Castle hereby submits its Affirmative Defenses to the Complaint filed by Plaintiff. By pleading these affirmative defenses, Crown Castle does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. In

addition, nothing stated herein is intended or shall be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations.

## FIRST DEFENSE

Plaintiff's claims (and those of any purported Class or Collective he seeks to represent) for overtime compensation are barred under the FLSA, the IMWL, and Idaho Title 45 because he was an exempt employee pursuant to the administrative exemption and/or the combination exemption and/or the highly compensated exemption.

## SECOND DEFENSE

Plaintiff lacks standing to pursue the claims he has asserted on a class or collective basis because he is not similarly situated to other putative members of the collective action and class actions.

## THIRD DEFENSE

Plaintiff's Complaint is barred, in whole or in part, under the equitable doctrines of waiver, estoppel, laches, unclean hands, and/or consent due to Plaintiff's unreasonable delay in notifying Crown Castle of the alleged actionable wrongs, which has resulted in prejudice to Crown Castle.

## FOURTH DEFENSE

Plaintiff's claims, and the claims he seeks to assert on behalf of others, must fail to the extent that they are barred by the applicable statute of limitations under the FLSA, the IMWL, and Idaho Title 45.

## FIFTH DEFENSE

The statute of limitations under the FLSA is two years, unless the cause of action arose out of a willful violation (in which case the statute of limitations is three years). 29 U.S.C. § 255. Plaintiff's claims do not arise out of a willful violation; therefore, he is unable to recover

for any alleged violation of the FLSA that occurred more than two years prior to the date on which he filed his consent to join this action.  Should other persons be permitted to join this action as party plaintiffs pursuant to 29 U.S.C. § 216(b), their FLSA claims will similarly be subject to the applicable two-year statute of limitations.

## SIXTH DEFENSE

Crown Castle has acted in good faith in complying with all applicable provisions of the FLSA, 29 U.S.C. § 260, because the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of such laws.

## SEVENTH DEFENSE

To the extent Plaintiff and others allegedly similarly situated are entitled to damages, which Crown Castle denies, Crown Castle is entitled to a credit for or set-off against amounts overpaid to them and to a credit for overtime and other premium payments made to them in the course of their employment.

## EIGHTH DEFENSE

Plaintiff's claims are barred to the extent that this action is inappropriate for collective action treatment as the other putative class members are not similarly situated to the Plaintiff as required by the applicable law.

## NINTH DEFENSE

Plaintiff's class action claims are barred because he has failed to and cannot satisfy the requirements necessary to maintain a class, including, without limitation, those listed in Fed. R. Civ. P. 23.

## TENTH DEFENSE

Plaintiff's claims are barred to the extent that any award in this action would constitute unjust enrichment. Plaintiff was already properly compensated for all time worked, including hours worked over forty (40) hours in a workweek.

## ELEVENTH DEFENSE

Plaintiff and others allegedly similarly situated were properly compensated for all hours worked and for any hours worked over forty (40) in a workweek. The alleged conduct of Crown Castle was at all times justified, fair, privileged, and undertaken in the good faith exercise of a valid business purpose. Accordingly, Plaintiff is precluded from receiving statutory penalties under the IMWL.

## TWELTH DEFENSE

Some of Plaintiff's alleged causes of action seek recovery for the same alleged wrong or wrongs as other causes of action. Accordingly, Plaintiff's claims are barred or any damages must be reduced to account for damages recoverable under multiple laws for the same alleged wrong or wrongs.

## THIRTEENTH DEFENSE

Plaintiff and others allegedly similarly situated are not entitled to compensation for time they purportedly worked without Crown Castle's actual or constructive knowledge.

## FOURTEENTH DEFENSE

Certain interests of the classes or groups proposed by Plaintiff are in conflict with the interests of all or certain sub-groups of the members of the alleged collective class of persons, which Plaintiff purports to represent, the existence of which is expressly denied.

**FIFTEENTH DEFENSE**

Plaintiff's representative and class allegations are barred by Crown Castle's right to due process of law as provided by the Constitutions of the United States of America, the State of Illinois, and the State of Idaho.

**SIXTEENTH DEFENSE**

Proceeding as a collective action pursuant to §216 of the FLSA is inappropriate in this matter due to the highly specialized individualized inquiries necessary to determine whether Plaintiff or any other purportedly similarly situated individuals were properly classified as exempt.

**SEVENTEENTH DEFENSE**

To the extent Plaintiff or any individual he alleges is similarly situated is entitled to any damages, the existence of which Crown Castle expressly denies, Plaintiff and/or any purportedly similarly situated individual(s) are only eligible to receive "half-time" damages for hours worked in excess of forty in a given workweek because Plaintiff and/or any purportedly similarly situated individual(s) were paid a salary for all hours worked, including hours worked above 40 in a work week.

**EIGHTEENTH DEFENSE**

Plaintiff's claims, and the claims he seeks to assert on behalf of others, under Idaho Title 45 must fail to the extent that they are based on claims occurring more than six months prior to the date this action was filed.

**NINETEENTH DEFENSE**

Crown Castle presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative or other defenses

available. Crown Castle reserves herein the right to assert additional defenses in the event that discovery indicates they would be appropriate.

**WHEREFORE,** having fully answered Plaintiff's Complaint, Defendant CROWN CASTLE USA INC. respectfully requests that the Complaint be dismissed with prejudice and that it be awarded its costs, attorneys' fees, and such other relief as may be just and proper.

DATED: March 14, 2016.                              Respectfully submitted,

                                                    By:   /s/ Colleen G. DeRosa
                                                    One of the Attorneys for Defendant
                                                    **CROWN CASTLE USA INC.**

Harry J. Secaras (ARDC No. 6201861)
Michael D. Ray (ARDC No. 6285109)
Colleen G. DeRosa (ARDC No. 6301589)
**OGLETREE, DEAKINS, NASH,**
   **SMOAK & STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone: 312.558.1220
Facsimile: 312.807.3619
*harry.secaras@ogletreedeakins.com*
*michael.ray@ogletreedeakins.com*
*colleen.derosa@ogletreedeakins.com*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on March 14, 2016, the foregoing *Defendant Crown Castle USA Inc.'s Answer and Defenses To Plaintiff's Complaint* was filed electronically with the Clerk of Court using the ECF system, which sent notification of such filing to:

Jay Edelson (*jedelson@edelson.com*)
Benjamin H. Richman (*brichman@edelson.com*)
Eve-Lynn Rapp (*erapp@edelson.com*)
**EDELSON PC**
350 North LaSalle Street, Suite 1300
Chicago, IL 60654

Kyle R. Kasmarick (*kkasmarick@syregelaslaw.com*)
**THE LAW OFFICES OF NICHOLAS C. SYREGELAS**
19 North Green Street
Chicago, IL  60607

*Attorneys for Plaintiff*

 /s/ Colleen G. DeRosa

24164480.1