

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

FERNANDO SUZARA, individually and on
behalf of all others similarly situated,

                    Plaintiff,

v.

CROWN CASTLE USA, INC., a
Pennsylvania corporation,

                    Defendant.

Case No. 1:16-cv-00551

Honorable Sara L. Ellis

## ORDER CERTIFYING COLLECTIVE ACTION FOR
## SETTLEMENT PURPOSES AND APPROVING SETTLEMENT,
## SERVICE AWARD, AND ATTORNEYS' FEES AND COSTS

This matter having come before the Court on Plaintiff's Motion to Certify a Collective

Action for Settlement Purposes, and Approval of Settlement, Service Award, and Attorneys'

Fees, in the above-captioned matter ("Action") between Plaintiff Fernando Suzara ("Plaintiff")

against Defendant Crown Castle USA, Inc. ("Defendant"), and the Court having duly considered

the papers and arguments of counsel, the Court hereby finds and orders as follows:

1.      Unless defined herein, all capitalized terms in this Order shall have the respective

meanings ascribed to the same terms in the Parties' Settlement Agreement. (Dkt. 46-1.)

2.      The Court has jurisdiction over the subject matter of the Action and over all

Parties to the Action, including all Eligible Settlement Class Members and Participating

Settlement Class Members.

***The Collective is Certified for Settlement Purposes***

3.      The Court certifies, for settlement purposes only, a collective of Eligible Settlement Class Members defined as "all individuals who work or have worked for Crown Castle as Construction Managers at any location in the United States, between May 2, 2014 and January 1, 2016." As provided in the Settlement Agreement, excluded from this collective of Eligible Settlement Class Members are (i) any Judge, Magistrate, or mediator presiding over the Action and members of their families; and (ii) Crown Castle, Crown Castle's subsidiaries, parent companies, successors, predecessors, and any entity in which Crown Castle or its parents have a controlling interest and their current or former officers, directors, agents, and attorneys.

4.      The Court hereby appoints Plaintiff Fernando Suzara as Class Representative.

5.      The Court hereby appoints Jay Edelson, Benjamin H. Richman, and Sydney M. Janzen of Edelson PC and Kyle R. Kasmarick of Syregelas & Kasmarick LLC as Class Counsel.

***The Settlement is Approved***

6.      The Court hereby approves this collective class action settlement. Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes. *See Furman v. At Home Stores LLC*, No. 16-cv-8190, 2017 WL 1730995, at *1 (N.D. Ill. May 1, 2017). If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement. *Id.*

7.      The Court has conducted a full evaluation of the Settlement set forth in the Settlement Agreement and finds that the Settlement reflects a fair and reasonable resolution of bona fide disputes between the Parties. The Settlement was the result of contested litigation, wherein Defendant denied that it violated the FLSA by classifying Construction Managers as exempt from overtime pay. The settlement was the result of arm's-length negotiations, including

2

those conducted through formal mediation with the assistance of the Honorable Wayne R. Andersen (Ret.) of JAMS (Chicago).

### Notice and Administration of the Settlement

8.      A one-step settlement approval process is appropriate in this case. *See Furman*, 2017 WL 1730995, at \*1. One-step approval is appropriate in FLSA settlements because the collective members must affirmatively opt-in in order to be bound by the settlement. *Prena v. BMO Fin. Corp.*, No. 15-cv-9715, 2015 WL 2344949, at \*1 (N.D. Ill. May 15, 2015). As a result, the due process concerns found in Rule 23 class actions are not present in FLSA collective actions. *See Furman*, 2017 WL 1730995, at \*1.

9.      Pursuant to the Settlement Agreement, Rust Consulting is hereby appointed as Settlement Administrator and shall be required to perform all of the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

10.      The Court finds that the proposed plan for giving Notice to the Eligible Settlement Class Members, which will be sent via U.S. First Class Mail and posted on a settlement website hosted by the Settlement Administrator, and the content of the Notice fully complies with the requirements of due process and is due and sufficient notice to all persons entitled thereto. The Court thus hereby approves the proposed Notice documents and Opt-In Form attached as Exhibits A, B, and C to the Settlement Agreement. The Settlement Administrator shall insert the appropriate dates and amounts in the Settlement Notice in a manner consistent with the terms of this Order.

11.      Within seven (7) days of the entry of this Order, the Defendant shall (i) provide the Settlement Administrator with a list, in electronic form, of the names, last known addresses, last known telephone numbers, social security numbers, locations worked and Relevant Weeks

Worked for each Eligible Settlement Class Member, and (ii) provide Class Counsel with a copy of the list of Eligible Settlement Class Members, but exclude their social security numbers. Within twenty-eight (28) days of the entry of this Order, the Settlement Administrator shall send the Notice and an Opt-In Form to Eligible Settlement Class Members, substantially in the forms attached to the Settlement Agreement as Exhibit A (Notice) and Exhibit C (Opt-In Form).

12.     The Eligible Settlement Class Members shall have until the Opt-In Deadline (i.e., no later than ninety (90) days following completion of the Notice) to complete and return an Opt-In Form to the Settlement Administrator. If an Opt-In Notice has not been completed by an Eligible Settlement Class Member within thirty-five (35) days after it is received, the Settlement Administrator shall send a postcard to the Eligible Settlement Class Member inquiring whether they received the Notice and reminding them of the Opt-In Deadline. Within five (5) days following the Opt-In Deadline, the Settlement Administrator shall provide Defendant and Class Counsel with a list of all individuals who opted in. Within twenty-eight (28) days following the close of the Opt-In Deadline, the Settlement Administrator will send Participating Settlement Class Members their Settlement Checks.

*Service Award and Attorneys' Fee Award*

13.     The Court has considered Plaintiff's request for a Service Award to the named Plaintiff, Fernando Suzara, and adjudges that a Service Award in the amount of $30,000 for his efforts and commitment on behalf of the collective is fair, reasonable, and justified under the circumstances. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

14.     The Court has also considered Plaintiff's request for attorneys' fees and expenses to Class Counsel and adjudges that a payment of $620,488.40 in attorneys' fees and recoverable

costs (comprised of $602,498.00 in attorneys' fees and $17,990.40 in litigation expenses) is fair and reasonable. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

***Final Judgment and Dismissal***

15. The Action is hereby dismissed on the merits and with prejudice. The Settlement shall be binding on, and have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of the Plaintiff and Releasing Parties.

16. The Parties and their counsel are directed to implement and consummate the Settlement according to its terms and conditions.

17. The Releasing Parties are hereby deemed to have released and forever discharged the Released Parties from the Released Claims.

    A. As used in this Order, the "Releasing Parties" shall mean Plaintiff, Participating Settlement Class Members, as well as each of their former and present heirs, executors, parents, subsidiaries, and affiliated corporations, officers, directors, shareholders, employees, agents, and any other successors, assigns, or legal representatives.

    B. As used in this Order, the "Released Parties" shall mean Defendant and its former and present parents, subsidiaries, and affiliated corporations and its respective officers, directors, shareholders, employees, and agents, and any other successors, assigns, or legal representatives.

    C. As used in this Order, the "Released Claims" shall mean any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights,

causes of action, contracts or agreements, extra-contractual claims, damages, punitive, exemplary, liquidated, or multiplied damages, expenses, costs, attorneys' fees and/or obligations, whether in law or in equity, accrued or unaccrued, direct, individual, or representative, of every nature and description whatsoever, whether based on the FLSA, the IMWL, or other federal, state, local statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against the Released Parties, or any of them, arising out of the facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the alleged failure to properly classify the Eligible Settlement Class Members as non-exempt employees and pay overtime wages including all claims that were brought or could have been brought in the Action, belonging to any and all Releasing Parties.

18.     Except as otherwise set forth in this Order, the Parties shall bear their own costs and attorneys' fees.

19.     The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications and expansions of the Settlement and its implementing documents (including all exhibits to the Settlement) so long as they are consistent in all material respects with this Final Judgment and do not limit the rights of the Participating Settlement Class Members.

20.     Without affecting the finality of this Final Judgment for purposes of appeal, until the Effective Date the Court shall retain jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement.

21.     This Court hereby directs entry of this Final Judgment pursuant to Federal Rule of Civil Procedure 58 based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment.

**IT IS SO ORDERED.**

ENTERED: _10/16/17_

HONORABLE SARA L. ELLIS
UNITED STATES DISTRICT JUDGE